# United States District Court

**Northern** DISTRICT OF ILLINOIS

**RECEIVED**
JAN 09 2024
THOMAS G BRUTON
CLERK, U.S DISTRICT COURT

Charles E Roach Jr.,

Plaintiff

vs.

Winnebago County Police Department
Alison Meason
Alex Ronning
Joshua Grover
Winnebago County Jail
Mathew Gibbons
Eric Lapier
Etc...

Defendant(s)

Case No. 24-50014

*(The case number will be assigned by the clerk)*

(List the full name of ALL plaintiffs and defendants in the caption above. If you need more room, attach a separate caption page in the above format).

## COMPLAINT*

Indicate below the federal legal basis for your complaint, if known. This form is designed primarily for pro se prisoners challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants). However, 42 U.S.C. § 1983 and "Bivens" do not cover all prisoners' claims. Many prisoners' legal claims arise from other federal laws. Your particular claim may be based on different or additional sources of federal law. You may adapt this form to your claim or draft your own complaint.

☑ 42 U.S.C. §1983 (state, county or municipal defendants)

☐ Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971)(federal defendants)

☐ Other federal law: _____

☐ Unknown _____

## I. FEDERAL JURISDICTION

*\*Please refer to the instructions when filling out this complaint. Prisoners are not required to use this form or to answer all the questions on this form in order to file a complaint. This is not the form to file a habeas corpus petition.*

Jurisdiction is based on 28 U.S.C. § 1331, a civil action arising under the United States Constitution or other federal law. *(You may assert a different jurisdictional basis, if appropriate).*

## II. PARTIES

A. Plaintiff:

   Full Name: Charles Edward Roach Jr.

   Prison Identification Number: M-43907

   Current address: 4439 W. 44th St.
   Milwaukee, WI 53218

*For additional plaintiffs, provide the information in the same format as above on a separate page. If there is more than one plaintiff, each plaintiff must sign the Complaint, and each plaintiff is responsible for paying his or her own complete, separate filing fee.*

B. Defendants

   Defendant #1:

   Full Name: Winnebago County Police Department

   Current Job Title:

   Current Work Address: 420 W. State St
   Rockford, IL 61101

   Defendant #2:

   Full Name: Winnebago County Jail

   Current Job Title:

   Current Work Address: 650 W. State St.
   Rockford, IL 61102

   Defendant #3:

   Full Name: Alison Meason

   Current Job Title: States Attorney

2

Current Work Address 420 W. State St Rockford, Il 61101

Defendant #4:

Full Name: Mathew Gibbons

Current Job Title: Detective

Current Work Address 420 W. State St. Rockford, Il 61101

Defendant #5:

Full Name: Joshua Grover

Current Job Title: Emp # 2732 Badge # 146

Current Work Address 420 W. State St. Rockford, Il 61101

*For additional defendants, provide the information in the same format as above on a separate page.*

### III. LITIGATION HISTORY

*The "three strikes rule" bars a prisoner from bringing a civil action or appeal in forma pauperis in federal court if that prisoner has "on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).*

A. Have you brought any other lawsuits in state or federal court dealing with the same facts involved in this case?  Yes ☐   No ☑

If yes, please describe _____

_____

B. Have you brought any other lawsuits in federal court while incarcerated?

Yes ☐     No ☑

C. If your answer to B is yes, how many? _____ Describe the lawsuit(s) below.

3

1. Name of Case, Court and Docket Number App. CT. No. 2-19-0893
   Residential Burglary - 2018 CF 3073
2. Basic claim made False imprisonment - (Wrongful Incarceration)
3. Disposition (That is, how did the case end? Was the case dismissed? Was it appealed? Is it still pending?) Appealed. - (No.) → Pending.

For additional cases, provide the above information in the same format on a separate page.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

*Prisoners must exhaust available administrative remedies before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). You are not required to allege or prove exhaustion of administrative remedies in the complaint. However, your case must be dismissed if the defendants show that you have not exhausted your administrative remedies, or if lack of exhaustion is clear from the complaint and its attachments. You may attach copies of materials relating to exhaustion, such as grievances, appeals, and official responses. These materials are not required to file a complaint, but they may assist the court in understanding your claim.*

A. Is there a grievance procedure available at your institution?  Yes ☐   No ☐

B. Have you filed a grievance concerning the facts relating to this complaint?

   Yes ☐   No ☐

If your answer is no, explain why not _____
_____

C. Is the grievance process completed?   Yes ☐   No ☐

## V. STATEMENT OF CLAIM

Place(s) of the occurrence _____

4

Date(s) of the occurrence _____

State here briefly the FACTS that support your case. Describe what each defendant did to violate your federal rights. You do not need to give any legal arguments or cite cases or statutes. Number each claim in a separate paragraph. Unrelated claims should be raised in a separate civil action.

THE COURT URGES YOU TO USE ONLY THE SPACE PROVIDED. Federal Rule of Civil Procedure 8(a) requires only a "short and plain statement" of your claim showing that you are entitled to relief. It is best to include only the basic, relevant facts, including dates, places, and names.

I Charles E. Roach Jr. was wrongful incarcerated on November 30th 2018 -, and False imprisonment on June 4th 2019. I was Released from prison Dec. 23rd 2021 by the Appellate Court/Supreme Court Second District (127959). which Reversed the Case 2018 CF 3073 - App. CT. No. 2-19-0893.

I Charles E Roach Jr. Fear for my life Because I Believe the Police will put Another Case on me or try to Kill me. And I know this for a fact, Because the police made it hard for me to do anything in Illinois. I try to get a Job, Id, Asistance Help. Nobody wanted to help. So I moved to Milwaukee, wi from Rockford, Il to get out of harm way. I even filed Complaint a few times and nothing Never happened like they throwing my Paperwork away.

P.S. This is my Second time filing this Complaint Please keep track of.

5

## Relief Requested

I Charles Edward Roach Jr. would like for the Court to relief Protection upon me, and Compensation for my loss of time, Pain, and Suffering. I Charles Edward Roach Jr. Respectfully Prays that this Honorable Court find that the state, and Etc. violated my right and relief is giving.

JURY DEMAND    Yes ☑    No ☐

Signed this _____ day of _____, 20____.

_____
( Signature of Plaintiff)

| Name of Plaintiff: | Inmate Identification Number: |
|---|---|
| Charles E Roach Jr. | M-43907 |
| Address: 4439 N. 44th St, Milwaukee, WI 53218 | Telephone Number: 262 385 8671 |

8

No. 2 - Parties

- Full Name: Eric Lapier

Current Job Title: N/A

Current Work Address: N/A

- Full Name: Stateville/NRC

Current Job Title: N/A

Current Work Address: P.O. Box 112 Joliet, IL 60434

- Full Name: Danville Correction Center

Current Job Title: N/A

Current Work Address: 3820 East Main St. Danville, IL 61834

- Full Name: Pinckneyville Correctional Center

Current Job Title: N/A

Current Work Address: 5835 Route 154 Pinckneyville, IL 62274

- Full Name: Alex Ronning
Current Job Title: State Attorney
Current Work Address: 420 W. State St. Rockford, IL 61101

6

2021 IL App (2d) 190893-U
No. 2-19-0893
Order filed November 8, 2021

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Winnebago County. |
| Plaintiff-Appellee, | ) ) ) | |
| v. | ) ) | No. 18-CF-3073 |
| CHARLES EDWARD ROACH JR., | ) ) ) | Honorable Debra D. Schafer, |
| Defendant-Appellant. | ) | Judge, Presiding. |

PRESIDING JUSTICE BRIDGES delivered the judgment of the court.
Justices Jorgensen and Brennan concurred in the judgment.

### ORDER

¶ 1   *Held:* Defendant's conviction for residential burglary was reversed for insufficient evidence. First, though defendant was spotted driving the victim's car stolen from the street near the home, he was not found to possess the car keys taken from inside the home, and he could have come to possess the car other by stealing the keys. Second, though defendant's DNA was found on gloves recovered from the car, and entry was made through a window from which no fingerprints were recovered, there were at least three other contributors to the DNA found on the glove, and the detective who processed the crime scene testified that the intruder's use of gloves was only one possible reason why no fingerprints were found.

¶ 2   Following a jury trial, defendant, Charles Edward Roach Jr., was found guilty of residential burglary (720 ILCS 5/19-3(a) (West 2018)) and sentenced to seven years' imprisonment. He

2021 IL App (2d) 190893-U

appeals, contending that the State did not prove beyond a reasonable doubt that he entered the victims' residence. We agree and reverse.

¶ 3                    I. BACKGROUND

¶ 4     The indictment alleged that defendant committed residential burglary in that, without authority, he knowingly entered the dwelling of Douglas Hicks with the intent to commit therein a theft or felony.

¶ 5     At trial, Hicks testified that he owned a home on Camp Avenue in Rockford. He kept a Buick Encore parked on the street. Because the house was not air-conditioned, the family kept the north and south side windows open and covered by screens in the summer.

¶ 6     On August 7, 2017, Hicks went to bed around 9 p.m. The windows were open, and the screens were in place—"[e]verything was good with the world." He and his wife left two sets of Encore keys on the dining room table.

¶ 7     When Hicks awoke at about 5 a.m. to get ready for work, his wife reminded him to remove his toolboxes from the Encore. He looked outside and said, "What car?" The Encore was missing. He realized then that he had been "robbed." He and his wife discovered other items missing from the house, including her purse, their car and work keys, their phones, and his grandson's tablets. In addition, Hicks noticed that one window screen was partially open, although it had been closed the night before.

¶ 8     Hicks called the police. He also called OnStar to report the stolen Encore. Later that morning, he was notified that the Encore was in a Walmart parking lot. He went there and identified the Encore.

¶ 9     Eric Lapier testified that he was a security guard at a Walmart store at Central Avenue and Riverside Boulevard on August 8, 2017. Around 7 a.m., a man he later identified as defendant

2021 IL App (2d) 190893-U

¶ 34                     III. CONCLUSION

¶ 35     The State presented insufficient evidence to prove, even circumstantially, that defendant entered the Hicks house. He was found not to possess any property taken from inside the house, including the car keys. Any number of explanations could account for his possession of the car at Walmart. Accordingly, we reverse defendant's conviction of residential burglary.

¶ 36     Reversed.